IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**DOUGLAS MILLS,**

      **Movant,**

**v.**
                                 **Case No. 2:09-cr-00241**
                                 **Case No. 2:12-cv-01256**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on April 23, 2012.  (ECF No. 46.)  This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Douglas Mills (hereinafter "Defendant") is serving a 60-month sentence upon his guilty plea, pursuant to a written plea agreement, to one count of distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  (Judgment in a Criminal Case, imposed on August 23, 2010 and entered September 13, 2010.)  Defendant's written plea agreement attached a "Stipulation of Facts," as well as an agreement about the base offense level under the Federal Sentencing Guidelines.  (ECF No. 23 at 4.)  The plea agreement also contained a waiver of appeal and collateral attack, unless the District Court's determination of the adjusted offense level, prior to acceptance of responsibility, differed from the agreed upon offense level in the plea agreement, or if a

claim in an appeal or collateral attack is based upon ineffective assistance of counsel. (*Id.* at 4-5.)  Defendant did not take a direct appeal.

On April 23, 2012, Defendant filed the instant section 2255 motion, asserting four grounds of ineffective assistance of counsel.  (ECF No. 46.)

## ANALYSIS

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable  to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final on the fifteenth day after the entry of the Judgment in a Criminal Case, or on or about September 28, 2010, because he did not take a direct appeal.  Rule 4(b), Federal Rules of Appellate Procedure.[1]  The one year period for filing a § 2255 motion expired on September 28, 2011.

---

[1] Rule 4(b)(1)(A) was amended in 2009 to increase the time period for filing a Notice of Appeal from 10 days to 14 days.  Defendant's judgment was entered after this amendment took effect.  Thus, the 14-day period is applicable in his case.

Defendant's motion asserts that the one-year statute of limitations should be tolled because he has been unable to acquire necessary materials for filing a section 2255 motion from his former counsel, Mark L. French, despite numerous attempts to contact him.  There is no requirement in the rules concerning section 2255 motions that a defendant be in possession of transcripts or other materials in order to prepare and file a section 2255 motion.  Furthermore, Mr. French's representation of Defendant and his obligations to file anything on Defendant's behalf ended when he did not file a direct appeal.  Thus, Mr. French was not responsible for assisting Defendant in filing a section 2255 motion.

The Supreme Court has held that the AEDPA limitation period is subject to equitable tolling.  *Holland v. Florida*, 130 S. Ct. 2549 (2010); *see also Harris v. Hutchinson*, 209 F.3d 325, 329-330 (4th Cir. 2000).  As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330.  The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where <u>extraordinary circumstances</u> beyond the plaintiff/petitioner's control made it impossible to file the claims on time.  *Id.* [Emphasis added].

The Fourth Circuit has also made clear however, that, generally, the mistakes of counsel are attributable to the prisoner, and that such errors are not grounds for

equitable tolling. *See Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003). The Fourth Circuit has further held that equitable tolling was not even warranted where counsel actually misadvised his client of the statutory deadline. *See Harris*, 209 F.3d at 330-31. Thus, Defendant's assertion that he could not timely file a section 2255 motion based upon his counsel's conduct does not constitute an extraordinary circumstance sufficient to warrant equitable tolling of the statute of limitations.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction became final on or about September 28, 2010, when the time for filing a notice of appeal expired, and none of the other events specified in section 2255 apply in this case. Therefore, Defendant's time to file his section 2255 motion expired on or about September 28, 2011, and his present motion is untimely. The undersigned proposes that the presiding District Judge **FIND** that no exceptional circumstances exist to justify tolling the period of limitation.

It is respectfully **RECOMMENDED** that Defendant's § 2255 motion (ECF No. 46) be dismissed with prejudice as untimely.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and

4

Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

May 24, 2012

Mary E. Stanley
United States Magistrate Judge